THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID ROBLES, Defendant-Appellant.

(No. 58703;

First District (4th Division)—June 25, 1975.

James J. Doherty, Public Defender, of Chicago (Paul D. Katz, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Frank J. Parkerson, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, David Robles, was charged by indictment with the murder of Julio Siez. He was tried in a bench trial in the Circuit Court of Cook County and convicted of voluntary manslaughter. Defendant was sentenced to serve a term in the Illinois State Penitentiary of not less than 10 nor more than 20 years. Defendant appeals to this court claiming that the State failed to establish that he had acted under a sudden and intense passion resulting from serious provocation, therefore not proving an essential element of the offense of voluntary manslaughter. He also claims that the sentence imposed by the trial court was improper and should be reduced on review by this court.

We find no merit in defendant's contention that he should not have been found guilty of voluntary manslaughter since the State failed to prove that there was serious provocation for his action as required under the voluntary manslaughter section of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 9—2). The evidence presented at trial established that defendant and Julio Siez had an argument, the cause of which and its intensity being a matter of some dispute. Defendant's common-law wife and his two daughters were called by the State. One daughter was asleep and did not hear the fight, though the other daughter heard some words being exchanged and then the shots. Defendant's wife also heard the shots. Defendant did not testify, though a police officer testified that defendant told him that he had shot Siez after an argument caused by Siez putting his arms around one of defendant's daughters.

Serious provocation is an indispensable element of voluntary manslaughter. Words or gestures are generally not considered to be sufficient provocation to excite a reasonable man. (*People v. Marrow*, 403 Ill. 69, 85 N.E.2d 34.) However, it must be stated that the finding of the trier of fact on this issue cannot be lightly discounted. As the court noted in *People v. Tucker*, 3 Ill.App.3d 152, 155, 278 N.E.2d 516:

> "The question of whether particular conduct is sufficient to inflame the passion of the defendant is uniquely within the province of the triers of fact. Because of their superior position in viewing

the witnesses on the stand, in hearing and weighing the testimony, we are reluctant to substitute the judgment of this court for the jury's determination that the acts of the deceased were sufficient provocation to inflame defendant to kill. At the same time, we recognize that in order to constitute sufficient provocation, the acts of the deceased must be serious."

This court has carefully considered all the evidence presented in the record of the case now before us and we are of the opinion that there was a sufficient basis for the trier of fact to find serious provocation and defendant's conviction for voluntary manslaughter was proper.

■■ Defendant claims that the sentence imposed by the trial court was improper with regards to both the maximum and minimum sentence and we are asked to reduce these sentences by an exercise of our power under Supreme Court Rule 615 (Ill. Rev. Stat., ch. 110A, par. 615.) It is argued that the sentence did not take the possibility of rehabilitation into consideration. We find no merit in this claim, and the maximum sentence of 20 years will not be reduced. The minimum sentence does however exceed one-third the maximum sentence imposed and, under the applicable provision of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, pars. 1008—2—4 and 1005—8—1), the minimum sentence will be reduced to a term of 6 years and 8 months in the Illinois State Penitentiary.

The judgment of the Circuit Court of Cook County is affirmed as modified.

Affirmed as modified.

DIERINGER, P. J., and JOHNSON, J., concur.